# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bridgman, et al., | Case No. 1:13-cv-00753-SKO |
| Plaintiffs, | **ORDER THAT THE PETITION FOR COMPROMISE OF THE CLAIM OF MINOR SEAN JENNINGS BE GRANTED** |
| v. | |
| | (Doc. 41) |
| United States of America, | |
| Defendant. | |

## I.   INTRODUCTION

On November 3, 2014, James Bridgman ("Petitioner"), as the court-appointed guardian *ad litem* of the named minor, Plaintiff Sean Jennings ("Sean"), filed a petition to approve the proposed settlement between Sean and the United States of America ("United States").[1] (Doc. 41.) On November 17, 2014, Defendant United States filed a response setting forth its non-opposition to the petition for approval of the proposed settlement between Sean and the United States, and requesting that payment of the settlement be ordered according to the terms agreed to by the parties in the Settlement Agreement. (Doc. 43.) No oral argument was requested.

After reviewing the petition and reviewing the terms of the settlement, the Court finds that the proposed settlement agreement is fair and reasonable. For the reasons that follow, the Court ORDERS that the "Petition for Compromise of the Claim of Minor Sean Jennings Pursuant to

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (Docs. 44; 45; 46.)

Settlement with Defendant United States of America" ("petition") BE APPROVED and is GRANTED.

## II.   FACTUAL BACKGROUND

The case was originally filed on May 21, 2013, by Plaintiffs James Kenneth Bridgman, Janie Bridgman, and Sean Jennings, a minor, against the United States. (Doc. 1.) Petitioner was appointed guardian *ad litem* for Sean on October 8, 2013. (Doc. 8.)

Plaintiffs' claims arise from an incident on December 10, 2009, in the City of Atwater, County of Merced, in the State of California, when a vehicle driven by Defendant's employee Nathan Daniel Yocom, a sailor with the United States Department of the Navy, collided with the side of a vehicle driven by Plaintiff James Bridgman in which Plaintiffs Janie Bridgman and Sean Jennings were passengers. (Docs. 1, 1-2; 41, 2.) According to Plaintiffs, Defendant's employee "carelessly and negligently drove, operated, maintained, controlled, inspected and repaired" his vehicle, "thereby proximately causing [the vehicle] to collide" with Plaintiffs' vehicle.

On or about November 23, 2011, Plaintiffs submitted claims for damages pursuant to the Federal Tort Claims Act, and the Department of the Navy responded with offers to settle, none of which were accepted by Plaintiffs. (Doc. 1, 2.) As a proximate result of the accident, Plaintiffs allege that each suffered from physical injuries, physical and mental pain, lost income or wages, and incurred medical expenses. (Doc. 1, 2.) Plaintiffs demand $20,000.00 damages for Sean's injuries, specifically. (Doc. 1, 3.)

## III.   DISCUSSION

**A.   The Settlement Between Minor Sean Jennings and the United States**

As a derivative of Federal Rule of Civil Procedure 17(c), district courts have a special duty to safeguard the interests of litigants who are minors. Rule 17(c) provides, in pertinent part, that a district court "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). In the context of proposed settlements in suits involving minor plaintiffs, the district court's special duty requires it to "'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux v. Rosengren,* 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting

*Dacanay v. Mendoza,* 573 F.2d 1075, 1080 (9th Cir.1978)).

In the Ninth Circuit, this "inquiry" is limited "to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181-82. The fairness of each minor plaintiff's net recovery is evaluated "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel – whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay,* 573 F.2d at 1078).

In addition to the substantive requirements in considering the compromise of a minor's claim, Local Rules ("L.R.") in the Eastern District of California govern the procedure for submitting requests for approval of a proposed settlement or compromise of a minor. L.R. 202(b)(2); *see also* L.R. 202(b)(1) (in actions in which a minor is represented by an appointed representative where the United States courts have exclusive jurisdiction, "the motion for approval of a proposed settlement or compromise shall be filed and calendared pursuant to L.R. 230.") An application for approval of a settlement of a minor

> …shall disclose, among other things, the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent. If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court. The Court may also require the filing of experts' reports when none [has] previously been prepared or additional experts' reports if appropriate under the circumstances . . . .

The petition tracks the language of the California Judicial Council form MC–350EX, which contains the "Expedited Petition to Approve Compromise of Pending Action or Disposition of Proceeds of Judgment for Minor or Person with a Disability" that is applicable in state-court proceedings. Here, the petition offers a comprehensive overview of the terms of the settlement and sets forth the information necessary to consider approval of the settlement pursuant to the Federal Rules of Civil Procedure, the Eastern District of California's Local Rules, and the Ninth

Circuit's instruction in *Robidoux.*

### 1. Terms of the Proposed Settlement and Sean's Net Recovery

Defendant United States has offered consideration in the amount of $35,000 in exchange for a release of all Plaintiffs' claims. Under the terms of the settlement, $11,200 will be paid to Petitioner and $18,900 will be paid to Janie Bridgman, in consideration of their release of their claims for injuries from the vehicle accident.

The remainder of the settlement amount -- 4,900 -- will be paid in consideration of release of Sean's claim against the United States. Sean's medical expenses have been paid by the medical payments coverage under a State Farm Insurance Automobile Policy in which Sean was a passenger. State Farm has paid $2,137.00 of Sean's bills, and requests reimbursement of $725.00. (Doc. 41-2, 2.) Of the $4,900.00 proposed settlement amount, $725.00 will be deducted as satisfaction of the medical expenses reimbursement. (Doc. 41, 4.)

Additionally, $1,129.47 in attorney's fees will be paid to Plaintiffs' counsel out of the gross settlement amount. (Doc. 41-4, 5.) The amount to be paid in attorney's fees is less than 25% of the total settlement, and conforms to the requirements of 29 U.S.C. § 2678. Also deducted from the gross settlement amount will be $382.10 as payment for costs and cost reserves. (Doc. 41-5, 2-5.) The net amount of the settlement to Sean, therefore, is $2,663.43 ($4,900.00 less the sum of $725.00, $1,129.47 and $382.10.). (Docs. 41; 42.)

Sean's net settlement amount will be deposited into an insured account with Chase Bank, located at 1641 Bellevue Road in the City of Atwater, State of California (Doc. 41-7, 2), to be withdrawn only upon authorization of the Court, until the minor attains the age of 18 years. (Docs. 41, 7; 42, 4.)

### 2. The Reasonableness and Fairness of the Settlement Amount

District courts considering the compromise of a minor's claim are required to examine the fairness and reasonableness of the net settlement amount in view of the facts of the case, the minor's specific claim, and the recovery in similar cases. *Robidoux,* 638 F.3d at 1181-82. The settlement amount was reached during a settlement conference on July 2, 2014, before Magistrate Judge Sandra M. Snyder. (Doc. 38.) The facts of the case were developed during the discovery

4

phase, and were known to the parties when the settlement conference was held, and a settlement was reached between Plaintiffs and the United States.

In addition to consideration of the facts obtained and developed, Petitioner asserts that the net recovery to Sean is also reasonable and fair in light of the facts of the case. (Doc. 41, 8.) Thus, despite Plaintiffs' assertion that that Sean sustained damages of $20,000, Petitioner contends that the $2,663.43 net settlement of Sean's claim is reasonable and fair. Upon reviewing the facts of the case and Sean's claim against the United States, the Court finds that the proposed settlement, and more specifically Sean's net recovery of $2,663.43, is fair and reasonable.

### 3. Payment Will Be Made According to the Terms Agreed to by the Parties in the Settlement Agreement

Petitioner requests that the Court order the United States to disburse the proceeds of the settlement approved by this order in the following manner: $1,129.47 in attorney's fees made payable to the "Law Offices of Frank M. Nunes, Inc.," $382.10 in reimbursement of expenses, and $725.00 in reimbursement of medical expenses made payable to "State Farm Mutual Automobile Insurance Company," with the balance of $2,663.43 made payable to the Petitioner as Trustee. (Doc. 42.) The United States filed a Response to the Petition, requesting that payment be ordered according to the terms of the Settlement Agreement reached by the parties at the July 2, 2014, Settlement Conference, which provided for the payment of the settlement amount "by check payable to Plaintiffs' attorney, Frank M. Nunes, Esq.," and "Plaintiffs' attorney agrees to distribute the settlement proceeds, and to obtain a dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs, and expenses." (Doc. 43, 1.) The Court will order the parties to comply with the agreed-upon terms of the Settlement Agreement.

### IV. CONCLUSION AND ORDER

The Court finds that the $2,663.43 net settlement of minor Sean's claim against the United States is fair and reasonable.

IT IS HEREBY ORDERED that:

1. The proposed settlement between minor Sean Jennings and the United States, as set forth under the terms of the Settlement Agreement, IS APPROVED as fair and reasonable;

5

2. The "Petition for Compromise of the Claim of Minor Sean Jennings" is GRANTED;

3. The United States of America, subject to the approval of the Attorney General of the United States, shall provide payment of the settlement in the following manner:

   The United States of America will pay by check to Frank M. Nunes, Esq., Client Funds Account, the sum of four thousand nine hundred dollars ($4,900);

4. Frank M. Nunes, Esq., shall disburse the settlement payment as follows:

   a. The sum of seven hundred twenty-five dollars ($725) from the Client Funds Account to State Farm Insurance as satisfaction of the medical expenses reimbursement;

   b. The sum of one thousand one hundred twenty-nine dollars and forty-seven cents ($1,129.47) from the Client Funds Account to Plaintiffs' attorney of record, Frank M. Nunes, as satisfaction for legal services rendered;

   c. The sum of three hundred eighty-two dollars and ten cents ($382.10) from the Client Funds Account to Plaintiff's attorney of record, Frank M. Nunes, as satisfaction for costs advanced;

   d. The balance of the settlement, in the sum of two thousand six hundred sixty-three dollars and forty-three cents ($2,663.43), shall be deposited into an insured account for the benefit of minor Sean Jennings; and

5. Within twenty-one (21) days the parties shall file final dispositive documents.

IT IS SO ORDERED.

Dated:   **November 20, 2014**           **/s/ Sheila K. Oberto**
                                         UNITED STATES MAGISTRATE JUDGE

6